In the Matter of the Proceeding of the Boston, Hoosac Tunnel and Western Railway Company, to Acquire the Right to Cross the Railroads of the Troy and Boston Railroad Company, and the Troy and Bennington Railroad Company.

Under the provision of the railroad act (sub. 6, § 28, chap. 140, Laws of 1850), authorizing proceedings by one railroad company to acquire the right to cross the railroad of another company, an attempt to agree with such other company as to the points and manner of crossing, and as to the amount of compensation, is a condition precedent to the authority of the court to appoint commissioners; and unless this is averred in the petition, there is no jurisdiction.

Where one railroad company has leased the road of another, such lessee is a necessary party to a proceeding under said provision by a third company, to acquire the right to cross the leased road; it may volun-

tarily agree with the petitioner in respect to the crossing, and such agreement, while not binding upon the lessor, in respect to its interests as reversioner, binds the interests of the lessee.

In such case it is not essential that the proceeding shall embrace all the parties; it will only affect the parties brought in, and where the lessee is alone made a party, the estate in reversion will not be affected.

Where, therefore, such proceedings were instituted nominally against both lessor and lessee, but the petition contained no allegations of an attempt to agree with the lessor as to the points or manner of crossing or compensation, but did contain such allegations as to the lessee, *held*, that an order granting the prayer of the petition was proper, so far as it provided for the appointment of commissioners, as against the lessee, but was erroneous so far as it affected the lessor.

(Argued November 11, 1879; decided November 25, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special Term, appointing commissioners to fix the points and manner in which the said The Boston, Hoosac Tunnel and Western Railroad Company shall be allowed to cross the tracks of the Troy and Boston Railroad Company, and the Troy and Bennington Railroad Company, and the compensation to be made therefor.

The petition stated that the road sought to be crossed belonged to the Troy and Bennington Company, but was leased by it to the Troy and Boston Company, and was operated by the latter company. The petition averred that the petitioner had applied to the Troy and Boston Company to agree on the points and manner of the crossings and the compensation therefor, but that such an agreement had been refused by said company. No allegation was contained in the petition as to any attempt to agree with the Troy and Bennington Company. The order of Special Term appointed commissioners to determine the points and manner of crossing and the compensation to be made to both the companies named.

*Esek Cowen* and *Samuel Hand*, for appellant. The order of the Special Term is void, because there is no allegation

in the petition that any attempt has been made to agree with the Troy and Bennington Railroad Company as to the points and manner of crossing, or the compensation to be made therefor. (*N. Y. and Bost., R. R.* v. *Godwin*, 12 Abb. [N. S.], 21; *Watson* v. *N. Y. C. R. R.*, 47 N. Y., 157.)

*E. W. Paige*, for respondent. The court correctly ruled all the answers after the first to be immaterial. (*Matter of Buff. and L. R. R.*, 77 N. Y., 557; 15 Hun, 365.)

ANDREWS, J. It is a fatal objection to the order in these proceedings, so far as the rights of the Troy and Bennington Railroad are involved, that the petition does not show that any attempt has been made to agree with that company as to the points or manner of crossing its road or the compensation to be made therefor. This is a jurisdictional fact. The attempt and failure to agree is a condition precedent to the authority of the court to appoint commissioners, and unless this is averred in the petition, there is no jurisdiction. This point has been ruled by this court in *In re the Lockport and Buffalo Railroad Co.* (77 N. Y., 527). The appeal of the Troy and Bennington Railroad must, therefore be sustained.

But we think the order may be upheld as to the Troy and Boston Railroad. That road is the lessee of the Troy and Bennington Railroad, operating it under a perpetual lease. The Troy and Boston Railroad was a necessary party to a proceeding under the sixth subdivision of section twenty-eight of the general railroad act for the appointment of commissioners. That corporation is a company whose railroad is intersected by the railroad of the petitioner, within the meaning of that section, and I see no reason to doubt that it might have voluntarily agreed with the petitioner in respect to the crossing by the petitioner's road. Such agreement would not have been binding upon the Troy and Bennington

Railroad in respect to its interest as reversioner, but would bind the interest of the lessee. There is nothing in the statute which requires that the proceeding for the appointment of commissioners, in such a case as this, should embrace all parties who, either as lessees or reversioners, have an interest in the railroad which may be crossed by a new line. The proceeding will only affect the parties who are brought in; and where the lessee is made a party alone the estate in reversion will not be affected by it. The other questions have been determined in the case of this petitioner against the Troy and Boston Railroad Company, just decided. We are of opinion that the order should be affirmed, so far as it provides for the appointment of commissioners, as against the Troy and Boston Railroad, and reversed as to the Troy and Bennington Railroad, without costs to either party.

All concur.

Ordered accordingly.